NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0271n.06

No. 24-1710

## UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

FILED
Jun 03, 2025
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| KATHLEEN ANN MATTESON, | ) |
| Defendant-Appellant. | ) |
| | ) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

OPINION

Before: MOORE, GRIFFIN, and KETHLEDGE, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant Kathleen Ann Matteson was a long-time assistant at a wealth-management firm and then at a bank that acquired the firm. She abused her position of trust by diverting client funds for her own benefit for over ten years, which the bank discovered only after she retired. Ultimately, a jury convicted her of five crimes: one count of bank fraud, in violation of 18 U.S.C. § 1344(1); two counts of embezzlement, in violation of 18 U.S.C. § 656; and two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028(A).

Citing only one case (the Supreme Court's seminal decision concerning appellate review of jury verdicts for sufficiency of the evidence, *Jackson v. Virginia*, 443 U.S. 307 (1979)), Matteson claims the government did not offer sufficient proof to sustain her convictions. In her view, "the evidence presented at trial does not prove her guilt and there is a strong possibility that someone else could have committed these acts and the jury misapplied the evidence by convicting

her of all counts." She offers no other legal authorities, discusses none of the elements of the charges against her, and details no specific evidence deduced at trial that could undermine the jury's verdict.

Defendants claiming insufficient evidence typically set forth the facts presented at trial and then argue why such facts were insufficient to satisfy the government's burden of proof for one or more elements of the crimes charged. Matteson makes no attempt to do so. She instead baldly asserts—without evidence—that someone framed her. We deem her skeletal argument abandoned. *See, e.g.*, *United States v. Persaud*, 866 F.3d 371, 385 (6th Cir. 2017) ("Our case law makes clear that it is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." (alterations and citation omitted)).

And even if it were not abandoned, we see no reason to disturb the jury's verdict. We normally review sufficiency-of-the-evidence challenges de novo under *Jackson*'s "high bar," *see id.* at 380, but when a defendant—like Matteson here—fails to move for judgment of acquittal under Federal Rule of Civil Procedure 29, our review is even more deferential to the jury's verdict, *see United States v. Woods*, 14 F.4th 544, 555 (6th Cir. 2021). We apply the "manifest miscarriage of justice" standard and will overturn a conviction only "if the record is devoid of evidence pointing to guilt." *Id.* (internal quotation marks and citations omitted).

Devoid it was not. Indeed, defendant takes no issue with significant financial crimes being committed. She does not contest that the government established that over $100,000 were diverted from the bank's trust accounts into another account she managed, which were ultimately used to pay down her credit cards. Rather, she suggests that someone else did it and framed her, but ample evidence presented at trial demonstrated Matteson was the sole actor in this scheme.

For these reasons, we affirm the district court's judgment.